**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 01-40069**
**Summary Calendar**

**MARILYN KAY JOHNSON,**

**Plaintiff-Appellant,**

**VERSUS**

**UNIVERSITY OF TEXAS MEDICAL BRANCH,**
**AT GALVESTON - MANAGED CARE,**

**Defendant-Appellee.**

Appeal from the United States District Court
For the Southern District of Texas

(G-99-CV-588)

July 25, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges

PER CURIAM:[*]

The plaintiff, Marilyn Kay Johnson, was employed as a laboratory technician at a prison hospital facility operated by the University of Texas Medical Branch at Galveston ("UTMB"). UTMB installed a palm scanning device by which employees would check in

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and out of the laboratory in order to discourage a practice of employees signing in and out for each other which was becoming widespread. Johnson declined to use the palm reader because of her religious beliefs that the device was capable of scanning and sensing the "mark of the beast" as described in the Book of Revelations of the Christian Bible. Johnson was allowed to continue signing in and out by signature while an investigation was being conducted to determine whether there was any manner in which her objections could be accommodated. Before any final decision or resolution was reached, Johnson "retired" from the employment and received a retirement party on her last day. Several months later, Johnson initiated claims under Title VII that she had been discriminated against because of her religious beliefs and ultimately brought suit against UTMB in the federal district court in Galveston. UTMB answered and shortly thereafter filed a motion for summary judgment which was referred to the magistrate judge for report and recommendation. The magistrate judge filed his report and recommendation that the motion for summary judgment should be granted and suit dismissed. Johnson filed objections and the report and recommendation was reviewed de novo by the district judge. The district judge adopted the report and the suit was dismissed. Johnson timely appealed.

We have carefully reviewed the briefs, the record excerpts, the reply brief and relevant portions of the record itself. For the reasons stated by the magistrate judge in his report and

recommendation filed October 27, 2000, the district judge was correct in entering an order of dismissal.

**AFFIRMED.**